## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBUR GARCIA<br>211 Hamilton Avenue<br>Seaside Heights, NJ 08757 | : <br> : <br> : <br> : | JURY DEMANDED |
| Plaintiff, | : <br> : | |
| v. | : <br> : | No. |
| GAP, INC.<br>1912 Chestnut Street, #18<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| GAP, INC.<br>2 Folsom Street<br>San Francisco, CA 94105 | : <br> : <br> : <br> : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, Wilbur Garcia (hereinafter "Plaintiff") is an adult individual residing at the above address.

    2.    Defendant, Gap, Inc. ("GAP") is a business corporation organized and existing under the laws of the State of California and a business address as captioned above in the Commonwealth of Pennsylvania.

    3.    At all times material hereto, Defendant employed Plaintiff at its Chestnut Street, Philadelphia store as set forth above and qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

4.     Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5.     This action is instituted pursuant to the Americans with Disabilities Act, the Family and Medical Leave Act, the Pennsylvania Human Relations Act and applicable federal and state law.

6.     Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.     Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9.     On or about May 28, 2014, Mr. Wilbur Garcia was hired as a loss prevention officer for the Gap Outlet store in Philadelphia.

10.    In early January, 2016, a workplace injury occurred, wherein Mr. Garcia tripped and fell in the fitting room area due to improperly stored cleaning products.

11.    Mr. Garcia sustained a torn meniscus in his right knee.

12.    Mr. Garcia had surgery to repair that torn meniscus on or about March 11, 2016.

13.     As a result of this injury, Mr. Garcia filed a Workers' Compensation claim denied by Defendant.

14.     Mr. Garcia was approved to return to work on or around April 3rd, 2016, with a restriction from his surgeon that he alternate between sitting and standing each hour.

15.     Mr. Garcia requested this reasonable accommodation and Defendant advised Mr. Garcia that he would be accommodated.

16.     Beginning the first week of April, 2016, when he returned to work, Defendant prohibited Mr. Garcia the promised accommodation of alternating between sitting and standing as directed by his doctor.

17.     After standing for an hour, Mr. Garcia was then directed by his physician to sit for one hour.

18.     However, when Garcia asked his supervisor, Defendant's manager, Jason Bradley, if was permitted to sit pursuant to his physician's directive and the accommodation promised by Defendant, Bradley refused to permit sitting.

19.     Prior to Mr. Garcia's injury, coverage was never an issue when he needed to go to lunch or be off of the floor.

20.     While he was out recovering, an additional loss prevention officer, Rich, was hired.

21.     Mr. Bradley refused Mr. Garcia's accommodation daily, forcing Mr. Garcia to stand for up to four hours straight in direct conflict with his doctor's instructions.

22.     Frustrated that the disability accommodation was not being provided, Mr. Garcia contacted the District Senior Detective Michael Wimbush about his accommodation request not being honored.

23.    Mr. Wimbush indicated he would speak with Mr. Bradley, but nothing changed and Mr. Garcia was still required to stand.

24.    This refusal to accommodate was unfortunately causing Mr. Garcia a great deal of pain, as he was not able to rest his injured knee the way his physician directed.

25.    When Mr. Garcia returned to work, he received a write up. Mr. Bradley presented it to him as a "final write up", meaning his next infraction would result in termination.

26.    However, prior to this write up, Mr. Garcia had never been written up or disciplined.

27.    Instead, Mr. Garcia was a model employee, who helped in bringing Defendant's location, which had previously been a "target" store due to the high amounts of loss it sustained, into the lowest levels of loss in the history of that location.

28.    During his employment, the location was removed as a "target" store.

29.    Ultimately, Mr. Garcia was terminated by Defendant on June 10, 2016.

30.    Defendant failed to accommodate Mr. Garcia in violation of the Americans with Disabilities Act.

31.    Defendant retaliated against Mr. Garcia after he complained about the failure to accommodate.

32.    Defendant failed to engage in a meaningful back and forth discussion about his accommodation.

33.    Due to this discriminatory treatment, Mr. Garcia was terminated.

34.    Defendant's primary motivation for not promoting Plaintiff was the fact that he required an accommodation for his disability and that he filed a worker's compensation claim.

35.     Defendant terminated Plaintiff, and hired a non-disabled employee to take over his position.

36.     At all times material, Defendant was hostile to Plaintiff's disability.

37.      As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### (42 U.S.C.A. § 12101 et seq)

38.     Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

40.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

41.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

42.     At all times material hereto, Plaintiff had a qualified disability, as described above.

43.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

44.     Defendant failed to engage in a meaningful back and forth discussion of Plaintiff's disability and failed to reasonably accommodate his disability.

45.     Defendant terminated the Plaintiff in retaliation for his complaints that the Defendant failed to reasonably accommodate his disability.

46.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

47.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

48.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

51.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

52.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

53.     At all times material hereto, Plaintiff had a qualified disability, as described above.  Plaintiff's disability profoundly interfered with his day to day life activities.

54.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of his disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55.     Defendant failed to accommodate Plaintiff's disability.  Further, Defendant terminated the Plaintiff in retaliation for his complaints that the Defendant failed to reasonably accommodate his disability.

56.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

57.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

58.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF FMLA--INTERFERENCE
### (29 U.S.C. §2601 et seq.)

59.     Plaintiff incorporates paragraphs 1-58 as if fully set forth at length herein.

60.     At all times material hereto, and pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq,, Defendant qualified as Plaintiff's "employer."

61.     At all times material hereto, Plaintiff was entitled to FMLA leave.

62.     Defendant failed to provide particularized notice to Plaintiff advising him of his right to FMLA benefits.

63.     As set forth above, Defendant failed to allow Plaintiff to make informed decisions about leave and to plan his medical absence in a way to ensure protection under FMLA.

64.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

65.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

66.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV – VIOLATION OF FMLA—FAILURE TO REINSTATE
### (29 U.S.C. §2601 et seq.)

67.     Plaintiff incorporates paragraphs 1-66 as if fully set forth at length herein.

68.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

69.     Instead of reinstating Plaintiff to his former position upon his completion of FMLA leave, Defendant terminated Plaintiff's employment.

70.     Defendant failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.

71.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

72.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

73.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

**COUNT V – VIOLATION OF FMLA—RETALIATION**
**(29 U.S.C. §2601 et seq.)**

74.     Plaintiff incorporates paragraphs 1-73 as if fully set forth at length herein.

75.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

76.     Instead of reinstating Plaintiff to his former position upon his completion of FMLA leave, Defendant terminated Plaintiff's employment, an adverse action.

77.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon his application for FMLA leave.

78.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

79.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

80.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

## COUNT VI
## WRONGFUL TERMINATION-PENNSYLVANIA COMMON LAW

81.     Plaintiff hereby incorporates and restates the allegations contained in the preceding paragraphs as if set forth at length herein.

82.     Defendants' conduct towards Plaintiff, as described above and incorporated herein, constitutes a wrongful termination of Plaintiff in that it violated public policy of the Commonwealth of Pennsylvania.

83.     Plaintiff exercised a protected right in filing a Workers' Compensation claim.

84.     Defendant was motivated to discharge Plaintiff and his termination was a direct consequence of his filing a Workers' Compensation claim.

85.     Defendant's motivation in terminating Plaintiff's employment was to stifle, restrict and chill his and other employees' protected rights to file Workers' Compensation claims in the event of workplace injuries.

86.     As a proximate result of Defendant's conduct, Plaintiff sustained damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of earning power

and capacity and a claim is made therefore.

     87.    As a result of the conduct of Defendants, Plaintiff hereby demands punitive and

liquidated damages.

     88.    Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

     **WHEREFORE,** Plaintiff Wilbur Garcia demands judgment in his favor and against

Defendant, Gap Inc. in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost

    wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

    benefits, lost future earning capacity, injury to reputation, mental and emotional

    distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

               BY: _____

                 **GRAHAM F. BAIRD, ESQUIRE**
                 Two Penn Center
                 1500 JFK Boulevard,  Suite 1240
                 Philadelphia, PA 19110
                 Attorney for Plaintiff, Wilbur Garcia

Date: 11/17/17

# EXH. A

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Wilbur Garcia<br>429 Shunk Street<br>Philadelphia, PA 19148 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00129 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          8/30/17
Spencer H. Lewis, Jr.,                    *(Date Mailed)*
District Director

Enclosures(s)

cc:
Loretta Ho                        Graham F. Baird
Senior Paralegal                  ERIC  A. SHORE LAW OFFICES
Gap Inc.                          2 Penn Center, Suite 1240
2 Folsom Street                   1500 John F. Kennedy Blvd., P.O. Box 58519
13th Floor                        Philadelphia, PA 19102
San Francisco, CA 94105